24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas Gene MONTAGUE, Petitioner-Appellant,
v.
Kenneth W. DUCHARME, Superintendent, WSR, Respondent-Appellee.
 No. 93-35325.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1994.
Decided May 11, 1994.
 
 Before: WRIGHT, TANG and REINHARDT, Circuit Judges.
 MEMORANDUM*
 Montague pleaded guilty in state court to robbery, rape and burglary. He received three consecutive 20-year terms. After exhausting state court remedies he filed a 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus.[1] The district court denied the petition by summary judgment. Montague appeals. He claims an evidentiary hearing was necessary to determine whether he received ineffective assistance of counsel, and was incompetent to plead guilty.[2] Having jurisdiction under 28 U.S.C. Sec. 1291 we reverse and remand.
 We review de novo the denial of a petition for a writ of habeas corpus. Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988). We review for abuse of discretion the decision not to hold an evidentiary hearing. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).[3]
 A district court must hold such a hearing if the petitioner's allegations, if proved, would entitle him to relief, and if the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. Townsend v. Sain, 372 U.S. 293, 312-13 (1963). If a hearing is requested because the facts were not adequately developed in the state court, petitioner must show cause for failing to develop the record, and prejudice resulting from that failure. Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1721 (1992). A petitioner may also show that a fundamental miscarriage of justice will result from the failure to hold an evidentiary hearing. Id.
 An evidentiary hearing is necessary here to ensure that a fundamental miscarriage of justice does not occur.[4] Montague's counsel may have inadequately investigated potential mental state defenses and Montague's competency to plead guilty. And the state trial court may have improperly failed to hold a competency hearing. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent"). The psychological reports submitted at the time of the pleas raise potentially valid questions about his counsel's performance, and his mental state.
 Full evaluation of these claims requires further inquiry into the circumstances of his representation and all evidence relevant to his competency that was available to the state trial judge at the time Montague pleaded guilty. We reverse the judgment and remand for an evidentiary hearing to determine whether he received ineffective assistance under Hill v. Lockhart, 474 U.S. 52, 57-60 (1985), and whether a competency hearing was required under Hernandez v. Ylst, 930 F.2d 714, 716 (9th Cir.1991).
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In his petition Montague challenges his Snohomish County Superior Court convictions in cases 8046 and 8720. He does not challenge his King County Superior Court conviction in case 82584. We do not consider the King County conviction
 
 
 [2]
 Montague claims that his guilty pleas were not knowing and intelligent, but he argues that he was incompetent. These are separate and independent inquiries. Godinez v. Moran, 113 S.Ct. 2680, 2687-88 (1993). We read his petition as a challenge to his competence to plead guilty
 
 
 [3]
 Montague requested an evidentiary hearing in his objections to the magistrate judge's report and recommendation
 
 
 [4]
 We need not address whether information about post-traumatic stress disorder is newly discovered evidence that mandates an evidentiary hearing